UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ISRAEL RONDON, | ) | CASE NO. 1:12 CV 232 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

I. Introduction

Israel Rondon filed this case, *pro se*, on January 31, 2012, against the State of Ohio, Summit County, Judge Rowlands, Judge Shoemaker, Greta Johnson, Senate, House of Representatives, Governor, Coldray, State Prosecutor, and U.S. Attorney General. The "Charge," which is the document that initiated the lawsuit, alleges defendants are an "association in fact," and that they violated the Racketeer Influenced and Corrupt Organizations Act. 18 U.S.C. §§ 1961-1968. While the "Charge" is unclear, the thrust of Rondon's claims appears to center on a criminal proceeding pending against him in the Summit County Court of Common Pleas.[1]

II. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain

---

[1] *See*, *State of Ohio v. Rondon*, Summit County Common Pleas No. CR 2009-09-2905, www.cpclerk.co.summit.oh.us/Dockets.asp?CaseID=C2009092905&CT=&Suffix=

statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278.


III. Discussion

    A. RICO Claim

Section 1962 of the RICO Act makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign

commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt. 18 U.S.C. § 1962(c). The statute provides a private right of action for any person injured in his business or property by reason of a violation of its substantive prohibitions. 18 U.S.C. § 1964(c); *Dahlgren v. Nat'l Bank of Holdrege*, 533 F.3d 681, 689 (8th Cir. 2008). Violation of § 1962(c) requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. All three elements must be stated. *Sedima S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985).

Even liberally construed, the complaint does not contain allegations reasonably suggesting Rondon might have a valid RICO claim. *See, Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief); *see also, Leisure v. Hogan*, No. 00-4570, 2001 WL 1298984(6th Cir. Aug. 8, 2001)(RICO complaint containing neither direct nor inferential allegations respecting all material elements to sustain recovery permitted district court to dismiss action for lack of subject matter jurisdiction).

B. *Younger* Doctrine

A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present in this case. The issues presented by Rondon are clearly the subject of a state court criminal matter, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Further, he has not set forth facts which reasonably

suggest the Ohio courts cannot or will not provide an adequate opportunity for him to raise his claims. This court is therefore required to abstain from intervening in the Ohio court proceedings.

IV. Conclusion

    For all the foregoing reasons, this case is dismissed for failure to state a claim.

Dated: February 23, 2012                      *s/ James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE